IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER LEE KEENAN, ) | |
|     Petitioner, ) | Civil Action No. 7:16-cv-00115 |
| v. ) | |
| ) | By:  Elizabeth K. Dillon |
| DAVID ROBINSON, ) | United States District Judge |
| CHIEF OF CORRECTIONS, ) | |
|     Respondent. ) | |

**MEMORANDUM OPINION**

Christopher L. Keenan, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Pittsylvania County Circuit Court.  Respondent filed a motion to dismiss Keenan's § 2254 petition, and Keenan failed to respond, making the matter ripe for disposition.  After review of the record, the court grants the motion to dismiss.

I.  BACKGROUND

After a bench trial, the Pittsylvania County Circuit Court sentenced Keenan to a fifteen-year sentence, with eleven years and ten months suspended, for three counts of grand larceny.  Keenan's direct appeals were unsuccessful, and he filed a timely petition for a writ of habeas corpus in the Pittsylvania County Circuit Court.  The circuit court denied his petition on December 16, 2015, and Keenan did not appeal the circuit court's decision to the Supreme Court of Virginia.  On March 14, 2016, he filed a petition for a writ of habeas corpus in federal court, raising substantially the same thirteen claims as in his circuit court habeas petition.

Keenan's claims are as follows:

1. Errors of documents pertaining to sentencing guidelines;

2. Ineffective assistance of counsel following trial;

3. Ineffective assistance of counsel due to her lack of knowledge of the case;

4. Ineffective assistance of counsel during preparation of the trial and appeal;

5. Ineffective assistance of counsel due to her performance before and during the trial for failing to have a defense ready and for failing to advise Keenan of his "rights," and "options";

6. Ineffective assistance of counsel for failing to subpoena an important witness;

7. Deficient performance during trial because counsel did not have necessary documents and exhibits;

8. Ineffective assistance of counsel during trial for failing to object to photos and other evidence used in court by the state;

9. "Constructive ineffective counsel" because counsel "slept during the trial";

10. Ineffective assistance of counsel for failing to investigate and perform important pre-trial functions, including filing of a motion to suppress admission of evidence released to the victim prior to trial;

11. Counsel failed to present or argue an appeal and to present a meritorious issue on appeal;

12. The trial court judge "failed to find [a] not guilty verdict" because he misunderstood a witness during questioning at trial;

13. Ineffective assistance of counsel for counsel's failure to review a presentence report with Keenan before sentencing.

## II. DISCUSSION

### A. Standard of Review

Federal courts review the merits of claims decided by the state courts under the deferential standard mandated by the Antiterrorism and Effective Death Penalty Act (AEDPA).

2

The AEDPA standard is "highly deferential" to both factual findings and legal conclusions, and the petitioner bears the burden of proof. *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003); *see also Williams v. Taylor*, 529 U.S. 362, 410 (2000) (citing *Wright v. West*, 505 U.S. 277, 287 (1992)) (emphasis in original) ("[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law."). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could agree on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (omitting internal quotations).

Keenan raises claims of ineffective assistance of counsel. To state a constitutional claim for ineffective assistance, Keenan must satisfy the two-prong *Strickland v. Washington* test by showing (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." 466 U.S. 668, 686-87 (1984). When reviewing a *Strickland* claim under the AEDPA, the court's review is "doubly" deferential. *See Harrington*, 562 U.S. at 105.

**B. Procedural Default**

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1)). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Id.* at 288 (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)).

3

Keenan has failed to exhaust all of his claims because they were not presented to the state's highest court, and it is now too late to do so. *See* Va. Code § 8.01-654(A)(2); Va. Sup. Ct. R. 5A:12. Under *Baker*, Keenan's claims are therefore simultaneously exhausted and defaulted. The merits of Keenan's defaulted claims are barred from federal review unless he can demonstrate cause for the default and prejudice from the constitutional error, or a miscarriage of justice. *Baker*, 220 F.3d at 288. Keenan has failed to show cause or prove prejudice, and has not alleged a miscarriage of justice; therefore, his claims cannot overcome their default.[1]

## C. Analysis

Claims 2 through 11, and Claim 13 are claims of ineffective assistance of counsel which were rejected under *Strickland* by the circuit court in Keenan's state habeas proceeding. The state court's findings were not unreasonable applications of *Strickland*, or an unreasonable determination of facts. Therefore, regardless of procedural default, the claims would also fail on the merits.

The Pittsylvania County Circuit Court also found Claim 1[2] and Claim 12 procedurally defaulted under *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974). *Slayton* precludes federal review of the merits of claims because Keenan could have brought the claims at trial or on direct appeal, but failed to do so. The rule is an adequate and independent state law procedural ground

---

[1] In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court of the United States held that in initial-review collateral proceedings, having no counsel can be considered "cause" for default. Keenan did not raise *Martinez*, and his default did not occur in his initial-review collateral proceeding; therefore, *Martinez* does not apply. Additionally, Keenan has not alleged a colorable claim of actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995), and therefore cannot claim a miscarriage of justice.

[2] In Claim 1 (Claim A in state court), Keenan argues that errors were made in his state sentencing guidelines. A claim regarding a state court's decision based on state law is not cognizable under federal review, unless it is a mistake so outrageous as to rise to the level of a constitutional due process violation. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Keenan has not demonstrated that the state court's decision was so outrageous as to violate his due process rights.

that precludes federal habeas review from considering the merits of claims.  *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (citation omitted).

## III.  CONCLUSION

For the reasons stated, the court will grant the motion to dismiss Keenan's § 2254 petition.  All claims are procedurally defaulted and without merit.

An appropriate order will enter this day.

Entered: April 3, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge